# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDI L. APICELLA ET AL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 2:15-cv-01366 |
| ) | |
| LABORATORY CORPORATION OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Pending before the Court is the Defendant's Motion for Sanctions, ECF No. 66. That Motion has been fully briefed on all sides, the Court held oral argument, and is now ripe for disposition. The Motion will be denied.

This case centers on injuries allegedly sustained as a result of a blood draw, but the Motion for Sanctions centers on the Plaintiffs' previous failing to timely designate the Plaintiffs' treating physicians in this case as Fed. R. Civ. P. 702 "experts." Upon realizing this failure, the Defendant filed a Motion for Summary Judgment, which it alleges cost counsel $8,245.50 in attorney's fees to prepare. (Table of Fees, ECF No. 66-2.) Plaintiffs' counsel thereafter moved to amend his pretrial disclosures to do what was needed to make them Rule 702 "experts". ECF No. 49. The Defendant declares that it incurred $7,230.00 in attorney's fees responding to that Motion to Amend. The Court granted the Motion to Amend. (Mem. Order, ECF No. 65.)

In its Memorandum Order granting that Motion to Amend, the Court noted the strong preference for the disposition of claims and defenses on the merits, the lack of any evidence of bad faith or foul play or tactical maneuvering by Plaintiffs or their counsel, the lack of prejudice to the Defendant in light of everyone's awareness of the names and existence of the treating

physicians who would be used as Plaintiffs' experts, the sometimes blurred lines between fact testimony and expert opinion testimony from treating physicians in this context, and the lack of a Court-scheduled trial date or any other rulings on trial testimony. (*Id.*)

The Memorandum Order left the door open for the Court to use its broad remedial authority to account for any tangible, measurable, and actual marginal cost incurred by the Defendant that is attributable directly to the timing of the Plaintiffs' specific disclosures so long as there is "factual support for doing so." (*Id.* at 5.) The issue before the Court in the pending Motion for Sanctions is whether the Plaintiffs' counsel should be sanctioned up to the dollar amount of Defendant's attorney's fees in preparing its Motion for Summary Judgment, Response to the Plaintiffs' Motion to Amend, and its Motion for Sanctions, which total $17,521.50. The Court concludes he will not.

First, as noted in the Memorandum Order, although not required by any rule of Court, it did strike the Court that at least some (and upon the Court's further reflection, perhaps most) lawyers, upon noticing what they contend is an obvious and fatal failure by Plaintiffs' counsel to correctly designate, might have elected to call up the Plaintiffs' counsel and ask how the Plaintiffs planned to proceed to and at trial without a Rule 702 medical expert *before* cranking out a well-done and likely resource-consuming summary judgment motion. (*Id.* at 3 n.1.) It also strikes the Court that it would have substantially mitigated the costs of litigation had the Defendant called up the Plaintiffs' counsel with notice of an intent to file this particular summary judgment motion. *See* Fed. R. Civ. P. 1. At which point, it is highly likely that the Plaintiffs' counsel would have then filed the Motion to Amend, and there would have been no need for the Motion for Summary Judgment. Thus, in light of the Court's conclusions in the Memorandum Order that there is zero evidence of any nefarious motives by Plaintiffs or their counsel, and no

2

evidence of disreputable or professionally improper conduct for the Court to sanction, the Court concludes that Plaintiffs' counsel should not bear the attorney's fees associated with the Defendant's Motion for Summary Judgment.

Second, with respect to the attorney's fees associated with the Defendant's response to the Motion to Amend, the Court concludes those fees are part and parcel of the give and take of civil litigation. The circumstances of Plaintiffs' counsel's error (as described in the Court's Memorandum Order) are insufficient to warrant sanctions associated with the need for Defendant to respond to the Motion to Amend.

Thus, the Court denies the Defendant's Motion for Sanctions, and the parties shall bear their own costs associated with this Motion for Sanctions. An appropriate Order will issue.

                                                                                        Mark R. Hornak
                                                                                        United States District Judge

Dated:       May 29, 2018

cc:           All counsel of record